**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald W. WARDEN,**
**Defendant-Appellant.**

**No. 74-2074.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1975.
Decided Nov. 23, 1976.

---

Robert S. Bailey, Chicago, Ill., Robert E. Meldman, Milwaukee, Wis., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Stephen J. Senderowitz, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

Defendant Warden and one Melvin Greenberg were charged in a 24 count indictment with one count of conspiracy (18 U.S.C. § 371) and 23 substantive violations of 26 U.S.C. § 7206(2). Each of the substantive counts concerned the false preparation and filing of specific income tax returns for the years 1969 through 1972. Prior to trial, Greenberg entered a plea of *nolo contendere* to one count of the indictment, and was sentenced to probation for a term of one year.

Warden was found guilty on the conspiracy count and on eleven of the thirteen substantive counts which were considered by the jury. He was sentenced to a four year term of probation, the first ninety days of which were to be spent at the Chicago Community Treatment Center under psychiatric care. We affirm.

The evidence disclosed that Warden was a certified public accountant doing business as Warden and Company in Chicago, Illinois. Individually, and in conspiracy with Greenberg and others in his employ, he fraudulently prepared false income tax returns for various clients. The evidence revealed a pattern and practice whereby Warden would "plug-in" either inflated or totally fabricated figures for various expenses used to calculate certain deductions. These deductions included (1) unreimbursed business expenses; (2) unreimbursed use of auto; (3) cash contributions; (4) contributions other than cash; (5) medical and medical related expenses; (6) stock portfolio expenses; and (7) business expenses.

In calculating deductions for unreimbursed business use of auto, for example, Warden would typically plug-in an expense for garaging the taxpayer's car at an annual cost of $180.00. On returns involved in six of the counts upon which he was convicted, this item and figure appeared even though the taxpayer did not provide that figure and, in certain cases, either did not own a garage or owned one but used it only for storage. Similarly, when calculating the "contributions—other than cash" deduction, Warden would fabricate a list of clothes which allegedly had been donated to charity, together with a valuation schedule. In some cases rather than preparing a separate clothing schedule for each taxpayer, Warden made several copies of the same schedule and merely inserted them in various returns. As a result, one taxpayer, whose returns were challenged in counts 5 and 6, listed virtually the same clothing in his 1968 amended return as in his 1971 return. According to another return prepared by Warden, the very same clothing was also donated by a different taxpayer whose 1971 return formed the basis for count 21. As testimony of Warden employees D'Amico, Lazarini, and co-conspirator Greenberg revealed, the monetary figure for these deductions was totally unsubstantiated.

To justify the unreimbursed business expense deductions, Warden would use, in some instances, a fabricated letter from the taxpayer's employer delineating certain business expenses which were not reimbursed. The evidence showed that on other occasions, he would note on the schedules that the deductions were "per substantiating detail" even though such detail existed in neither Warden's nor the taxpayer's file.

It also appears that Warden's clients were unaware of his activities since they were required by Warden to sign their returns either in blank or, if signed when completed, without the falsified schedules attached.[1] Warden's fee was contingent upon the amount of the refund.

On appeal, Warden asserts four grounds for reversal:

---

* Senior District Judge William J. Campbell of the United States District Court for the Northern District of Illinois is sitting by designation.

1. Although Warden would send a final copy of the return to the taxpayer, the taxpayer's copy would not include the falsified schedules.

1. That there existed a fatal variance between the indictment and proof.
2. That the trial judge erred in refusing to enforce a subpoena *duces tecum* served upon the Internal Revenue Service for certain materials which appellant contends were both relevant and capable of being compiled from the computer files of the Internal Revenue Service.
3. That whether the allegedly false statements in the income tax returns were "material" is a question of fact to be submitted to the jury under an appropriate instruction.
4. That the government's failure to disclose to the defense two affidavits of potential witnesses constituted the improper suppression of favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Warden first contends that there existed substantial and fatal variances between the charges in the indictment and the proof adduced at trial. He argues that some counts of the indictment allege deductions in excess of the actual deductions contained in the tax returns, and that in other instances, the indictment alleges a specific item deduction which does not correspond to any individual item appearing on the return. In other instances, he argues, the amounts set forth in the indictment are less than those on the return, even though the indictment figures purport to correspond to identifiable entries appearing on the returns.[2]

The government responds that the amounts listed in the indictment under "Amounts Per Return", while occasionally corresponding to the amount ultimately taken as a deduction, were intended to represent the total dollar amounts being challenged as materially false for each expense category listed under "Claim Per Return".[3] Each deduction or expense category was comprised of one or more specific expenditures or expense items. The challenged expense items were then totalled for each category of deductions and the total was set forth in the indictment. The government contends that more often than not the amount in the indictment was only a portion of the amount claimed on the return because not every line entry or expenditure within each category was challenged.

It is well settled that in order for a variance between indictment and proof to be fatal, the evidence offered must prove facts materially different from those alleged in the indictment; a variance will not be deemed fatal where the defendant is so informed of the charges against him that he is protected against a second prosecution for the same offense and is able adequately to prepare his defense against the charges set forth in the indictment. *United States v. Cassell*, 452 F.2d 533, 536 (7th Cir. 1971); *Heisler v. United States*, 394 F.2d 692 (9th Cir. 1968), *cert. denied*, 393 U.S. 986, 89 S.Ct. 463, 21 L.Ed.2d 448. In the instant case, we are satisfied that no fatal variance occurred.

Prior to filing its brief, the government was granted leave by Judge Bauer of this Court tentatively to supplement the record on appeal with certain documents, including two memoranda identifying in detail the specific line entries of the expense schedules challenged by the government. These documents, prepared by the government's trial counsel, were presented voluntarily by the government to Warden's trial attorney approximately two-and-one-half weeks prior to trial. Judge Bauer's order provided that the panel of this Court reviewing the merits of this appeal would make a final determination with respect to the government's motion to supplement the record.

---

2. Warden alleges no fatal variance with respect to counts 1, 4 and 12.

3. Each count of the indictment charging violations of 26 U.S.C. § 7206(2) contains two columns. One column, entitled "Claim Per Return", lists the names of various deductions allowed by law. Corresponding to this column is another column under the heading "Amount Per Return" containing the dollar amounts alleged to be false for each category of deduction.

Since appellant's counsel, in the course of oral argument, acknowledged that defense counsel had received the documents in question prior to trial, and that they apprised trial counsel of the specific allegations of the indictment to an extent sufficient to allow preparation of a defense to the charges, we grant the government's motion as to the two memoranda prepared by the government's trial attorneys prior to trial.

■ In view of the fact that the memoranda in question detail specific entries of the returns challenged as false by the government, and in light of appellate counsel's concession that these documents were received by defense counsel prior to trial and were sufficient to apprise Warden of the specific charges against him, we must view his assertion that "we are dealing with . . . the sheer impossibility of preparation to meet the charges of the indictment" to be a gross overstatement at best. Any variance between the allegations of the arguably imprecise indictment and the proof adduced at trial was cured by government counsels' voluntary tender of the memoranda to defendant's counsel at a time sufficiently prior to trial to allow adequate preparation of a defense. In a prosecution charging the filing of false tax returns, the government is not obliged to prove the exact amount alleged in the indictment. *United States v. Doyle*, 234 F.2d 788, 794 (7th Cir. 1956); *United States v. Campione*, 416 F.2d 486 (7th Cir. 1969).

Warden next contends that the district court's quashing of his subpoena *duces tecum* was error, arguing that the materials requested in the subpoena were relevant and could have easily been procured from the computer files of the Internal Revenue Service. In support of his contention, Warden states that the government had at least three computer programs at its disposal, by means of which the materials requested easily could have been procured. The alleged existence of these programs, and the alleged ease with which the desired materials could have been obtained, were not presented by defendant to the district judge, who granted the government's mo-

tion to quash the subpoena on the ground that "defendant's demand could place an impossible burden on the government."

On appeal, the government, seeking to contravene appellant's assertion that the requested materials easily could have been obtained, has moved further to supplement the record with an affidavit of Agent Clark of the Internal Revenue Service, challenging the claimed facility with which the materials requested in the subpoena could have been produced. To the extent that the government seeks to supplement the record in this regard, its motion is denied.

We deem it unnecessary to resolve whether production of the requested materials would have been easy, cumbersome, difficult or impossible. In ruling on the government's motion to quash the subpoena, Judge McLaren gave due consideration to the government's argument that copies of the materials in question—all tax returns prepared by Warden between 1972 and 1974 —were already in his possession. Moreover, the district judge offered a compromise solution under which defendant would produce a list of persons whose returns he desired to review, and the government in turn would identify whether the corresponding tax returns were prepared by Warden, whether an audit was conducted by the IRS and whether the IRS ultimately challenged the tax deductions claimed therein. The defendant did not pursue this suggestion.

■ On the basis of the facts before the district court, we find that Judge McLaren did not abuse his discretion in granting the government's motion to quash the subpoena *duces tecum.*

Warden next contends that his Sixth Amendment right to a trial by jury was violated by one of the trial judge's instructions to the jury. In instructing the jury on the elements necessary to establish a violation of 26 U.S.C. § 7206(2), the judge stated:

"Three essential elements are required to be proved in order to establish the offense charged in these counts of the in-

dictment. First the act or acts of aiding and/or assisting in procuring, counselling, advising in the preparation or the presentation of an income tax return false or fraudulent as to a material matter, (second) doing such act or acts with the knowledge that the income tax return in question was false or fraudulent as to a material matter as charged, and (third) doing such act or acts wilfully."

After explaining various elements of the offense, the judge then explained the term "deduction" and described the various deductions involved in the instant case. He concluded with the following sentence:

"I instruct you that the deductions I have just described are material . matters as that term is used in the indictment."

It is Warden's contention that the above instruction took the entire issue of materiality, which the judge had just described as an essential element of the offense, away from the jury. We do not agree.

■ The test of materiality with respect to a false return case "is whether a particular item must be reported 'in order that the taxpayer estimate and compute his tax correctly.'" *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969). Since deductions are subtracted from gross income or adjusted gross income to reduce the ultimate tax liability, they are material to the contents of the return. Stated otherwise, the deduction will invariably affect the taxpayer's liability. Thus, when Judge McLaren instructed the jury that the deductions were material matters as that term is used in the indictment, he did no more than state the obvious fact that deductions affect the computation of tax liability.

In this connection, it is important to note that the jury was also instructed:

"The evidence need not establish beyond a reasonable doubt that the deductions totalled the exact amount alleged in the indictment, or that the deductions were overstated in the exact amount alleged, but only that the accused willfully overstated or caused to be overstated *in some substantial amount* the deductions as charged ·in the indictment." (emphasis added).

The jury, therefore, was required to find that the deductions, which invariably affect the ultimate determination of tax liability, were substantially overstated. We find no error with respect to the materiality instruction challenged by appellant.

Lastly, Warden contends that the district court erred in denying his request for the production of two written statements. One was the statement of taxpayer Wesley Upton, whose returns were the subject matter of Counts 23 and 24 of the indictment. The other statement requested by appellant was the affidavit of Brian Van Mols, the author of a letter which had been attached to the tax returns of taxpayer Christopher Moran, whose returns formed the basis for Counts 5 and 6. Both written statements were presented to the district judge by the government, and inspected *in camera* in accordance with 18 U.S.C. § 3500. The court held that the statements were not within the purview of the Jencks Act since neither Upton nor Van Mols were called as government witnesses.[4] These statements were sealed by the district court and forwarded to this court as part of the record on appeal.

■ Appellant urges that we review the statements, not under 18 U.S.C. § 3500, but rather as materials which the government must disclose under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We have reviewed the sealed statements and concluded that the failure to disclose them to the defense was not error, either under the Jencks Act or under *Brady*.

For the foregoing reasons, the conviction is affirmed.

AFFIRMED.

4. Counts 23 and 24 of the indictment, pertaining to the Upton returns, were dismissed on the government's motion. Van Mols never testified, although defendant was found guilty with respect to the Moran returns, Counts 5 and 6.