UNITED STATES of America, Plaintiff,

v.

John Michael GASSAWAY, Defendant.

No. CR–95–20–A.

United States District Court,
W.D. Oklahoma.

May 30, 1997.

John Michael Gassaway, Oklahoma City, OK, pro se.

David P. Henry, Henry & Davidson, Joe E. White, Jr., White & Adams, Oklahoma City, OK, for John Michael Gassaway.

Susan Dickerson Cox, U.S. Attorney's Office, Oklahoma City, OK, for U.S. Attorneys.

### ORDER

ALLEY, District Judge.

Before the Court is defendant John Michael Gassaway's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed December 30, 1996. The motion is based on a Supreme Court decision that overturned long-standing authority in this circuit and restored to jury determination the "materiality" element of an offense under 18 U.S.C. § 1001: *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The Court has considered the following submissions: Gassaway's initial brief; his supplemental brief filed January 28, 1997; the government's response filed February 7, 1997; and Gassaway's reply brief filed February 13, 1997. For the reasons that follow, the Court denies the motion.

### PROCEDURAL AND FACTUAL BACKGROUND

A jury convicted Gassaway in May, 1995, of filing a false income tax return for calendar year 1991 in violation of 26 U.S.C. § 7206(1) as charged in a superseding indictment.[1] The Court's jury instructions stated the following elements of the offense: (1) Gassaway made, signed and mailed to the IRS for filing an individual income tax return "that contained false information as to a material matter;" (2) he "did not believe the return to be true and correct as to every material matter as of the time he mailed it in;" (3) the return contained a declaration that it was signed under penalty of perjury; and (4) Gassaway acted willfully. (Instr. No. 16.) The Court defined the term "material matters" in a separate instruction that will be discussed further below.

Gassaway concurred in these instructions; in fact, his attorneys expressly agreed with the prosecution during instruction conferences that materiality of the allegedly false statements was not a matter for the jury to decide under extant Tenth Circuit law. *See United States v. Strand,* 617 F.2d 571, 574 (10th Cir.1980).[2] Gassaway's defense at trial was that the tax return he sent to the IRS was not his "real" tax return but a working draft prepared for his own use and mailed by mistake. He claimed that the tax return prepared by his accountant and mailed later was his "real" return and that he never intended to file the one he did.

After trial, Gassaway timely moved for a judgment of acquittal or a new trial based on allegations of insufficient evidence, erroneous jury instructions, and tainted jury deliberations. As to jury instructions, Gassaway challenged the omission of his proposed "theory of defense" instruction and the inclusion of an instruction concerning a later-mailed tax return (Instr. No. 25). The Court denied

Gassaway's post-trial motion on June 19, 1995.

On the same day, June 19, the Supreme Court decided *Gaudin.* The defendant in that case was convicted of making false statements in federal loan documents submitted to the Department of Housing and Urban Development (HUD) in violation of 18 U.S.C. § 1001. One element of this offense was that the false statements were material to HUD activities and decisions. On this point, the trial judge instructed the jury that materiality was a matter decided by the court and "the statements charged in the indictment are material statements." *Gaudin,* 515 U.S. at 508, 115 S.Ct. at 2313. The Ninth Circuit reversed the convictions on the ground that taking the question of materiality from the jury violated the defendant's Fifth and Sixth Amendment rights. The Supreme Court affirmed, holding:

> The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the "materiality" of Gaudin's false statements infringed that right.

*Id.* at 522–23, 115 S.Ct. at 2320.

On August 28, 1995, over two months after *Gaudin,* Gassaway was sentenced to a 12–month term of imprisonment and a 1–year term of supervised release. Gassaway appealed but raised no issue about the effect of *Gaudin* on his case. On March 28, 1996, the court of appeals affirmed Gassaway's conviction and sentence.

### ISSUES PRESENTED

Gassaway filed a *pro se* motion under section 2255 in December 1996 containing a single claim for relief. He alleged that *Gaudin* retroactively invalidated his conviction.

---

1. Gassaway was acquitted of other charges, which included making false statements to an IRS agent (18 U.S.C. § 1001), to a bankruptcy trustee (18 U.S.C. § 152), and in bankruptcy filings (18 U.S.C. § 152).

2. Gassaway misrepresents the record when he twice states in his *pro se* briefs that he objected to the Court's instructions concerning materiality of

false information in his tax return and that he proposed a different instruction on that issue. In reality, *the Court* initially proposed an instruction that would have left the materiality issue completely to the jury, but counsel for both sides convinced the Court that the instruction was contrary to Tenth Circuit law.

The government responded by asserting a procedural bar. The government noted that *Gaudin* pre-dated Gassaway's appeal, that it was not mentioned in his appellate filings, and that he did not claim ineffective assistance of appellate counsel in his 2255 motion. Also, the government argued that *Gaudin* is inapposite because materiality is not an element of an offense under 26 U.S.C. § 7206(1) of willfully filing a false income tax return. As part of his reply, Gassaway raised an ineffective assistance claim. He presented affidavits of his attorneys stating they were unaware of *Gaudin* until recently and would have raised it in Gassaway's appeal if they had known of it. The Court will address each of these issues, but in reverse order.

## DISCUSSION

### A. Ineffective Assistance of Counsel

■ Because Gassaway seeks to present a claim on collateral review that could have been raised on direct appeal, the issue of procedural bar is properly raised and must be enforced unless Gassaway satisfies an established exception. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir.1996); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993). Gassaway can now challenge his conviction based on *Gaudin* only if "he can show cause for his procedural default and actual prejudice resulting from the alleged errors...." [3] *Allen*, 16 F.3d at 378; *see Cox*, 83 F.3d at 341; *Warner*, 23 F.3d at 291. Cause and prejudice may be shown, of course, if Gassaway can establish his claim that he received ineffective assistance of appellate counsel in violation of the Sixth Amendment. *Cox*, 83 F.3d at 341; *Cook*, 45 F.3d at 392.

■ To establish ineffective assistance of counsel, Gassaway must show that his counsel's performance was constitutionally deficient and that the deficient performance was prejudicial. *Cook*, 45 F.3d at 392 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Counsel's performance is deficient under *Strickland* if it " 'falls below an objective standard of reasonableness,' " and "[p]rejudice is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 690, 694, 104 S.Ct. at 2065–66, 2068). As to appellate counsel, the court of appeals has stated: "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.' " *Id.* at 392–93 (quoting *United States v. Dixon*, 1 F.3d 1080, 1084 n. 5 (10th Cir.1993)).

■ Here, Gassaway's ineffective assistance claim fails because his *Gaudin* claim has no merit. Gassaway's arguments for reversal of his conviction focus on recent Tenth Circuit cases. In *United States v. Wiles*, 102 F.3d 1043, 1060–61 (10th Cir.1996) (en banc), the court held that failure to instruct on the materiality element of an offense under section 1001 is "structural" error and falls within that "special category of forfeited errors" that must be corrected, that is, the error is not subject to "plain error" analysis under *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), but is reversible *per se*. In *United States v. Pappert*, 104 F.3d 1559 (10th Cir.), *vacated on other grounds*, 112 F.3d 1073 (10th Cir.1997), the court applied *Wiles* to reverse convictions under 18 U.S.C. § 1014, despite defense counsel's concession that the alleged misstatements were material. The court of appeals held that the trial court erred in deciding materiality as a matter of law because the defendant did not "actually stipulate[ ] to the existence of that element" nor "formally relinquish his Fifth and Sixth Amendment rights to have the jury decide the element beyond a reasonable doubt."

**3.** A second exception—a fundamental miscarriage of justice will occur if the claim is not addressed—is inapplicable. Gassaway does not claim to be actually innocent of the crime of which he was convicted.

*Pappert,* 104 F.3d at 1565. The court of appeals thus reversed the convictions "notwithstanding our view that based on review of the record as a whole, the error here did not affect the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.*

These decisions have been superseded by Supreme Court precedent. In *Johnson v. United States,* —— U.S. ——, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), the Supreme Court decided and addressed the same issue presented in *Wiles:* whether failure to instruct a jury on materiality as an essential element of a criminal offense is subject to "plain error" review under Fed.R.Crim.P. 52(b) and *United States v. Olano.* Unlike the Tenth Circuit, the Supreme Court declined to find the error "structural" and thus reversible *per se. Id.* at ——, 117 S.Ct. at 1549–50. Instead, the Court conducted the "plain error" analysis dictated by *Olano* and held that the error in *Johnson,* which involved a conviction under 18 U.S.C. § 1623 for lying to a grand jury, failed the fourth part of the *Olano* test:

> When the first three parts of the *Olano* are satisfied [namely, there is "error," that is "plain" and that "affect[s] substantial rights"], an appellate court must then determine whether the forfeited error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' " before it may exercise its discretion to correct the error. *Olano,* 507 U.S. at 736 [113 S.Ct. at 1778–79] (quoting *[United States v.] Atkinson,* 297 U.S. [157], at 160 [56 S.Ct. 391 at 392 (1936) ]).

In this case that question must be answered in the negative. As the Court of Appeals noted, the evidence supporting materiality was "overwhelming." Materiality was essentially uncontroverted at trial and has remained so on appeal.... Before the Eleventh Circuit and in her briefing before this Court, petitioner has presented no plausible argument that the false statement under oath for which she was convicted ... was somehow not material to the grand jury investigation.

*Id.* at ——, 117 S.Ct. at 1550 (citations to the record omitted). The Court concluded that "reversal of a conviction such as this", rather than the failure to correct *Gaudin*-type error, would have the effect of undermining the integrity or public reputation of judicial proceedings. *Id.* The Supreme Court thus affirmed the Eleventh Circuit's judgment affirming Johnson's conviction.[4]

*Johnson* eviscerates Gassaway's argument that this Court committed *Gaudin*-type error in his case that was structural and reversible *per se.* The Court also rejects Gassaway's apparent contention that *Gaudin* applies retroactively on collateral review of its own force under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). A similar contention was recently considered and properly rejected by the Fifth Circuit in *United States v. Shunk,* 113 F.3d 31, 35–37 (5th Cir.1997). The Court finds, as fully explained below, that *Gaudin* is not controlling, and in any event, Gassaway is not entitled to relief under *Johnson.*

**B.** *Inapplicability of Gaudin to Tax Cases*

The Court rejects the proposition urged by the government that materiality is not an element of an offense under section 7206(1). The statute makes it a felony to "willfully make and subscribe any return ... which [the maker] does not believe to be true and correct as to every material matter." 26 U.S.C. § 7206(1). Thus, the plain language of the statute requires proof that the defendant willfully falsified material information. The Court does agree, however, that the holding of *Gaudin* does not control this tax case.

The government cites *United States v. Klausner,* 80 F.3d 55 (2d Cir.1996). There, the Second Circuit held that the materiality of false itemized deductions in an income tax return, unlike the false statements to HUD in *Gaudin,* "involved purely a question of law and was suitable for resolution by the district court." *Id.* at 61. There is a split of authori-

---

**4.** In so doing, the Supreme Court sanctioned an approach the Tenth Circuit criticized and expressly rejected in *Wiles,* 102 F.3d at 1061 n. 13.

ty on this point; other circuits disagree. *See, e.g., United States v. Uchimura*, 107 F.3d 1321, 1323–24 & n. 5 (9th Cir.1997). However, this Court finds the rationale of *Klausner* persuasive and consistent with pre-*Gaudin* law in this circuit.

■ Material matters in income tax returns are those "essential to the accurate computation of ... taxes." *Klausner*, 80 F.3d at 60; *see Uchimura*, 107 F.3d at 1323 (approving a similar definition after surveying case law regarding materiality in the context of income tax returns). Because false itemized deductions necessarily cause inaccurate computation of taxable income, the Second Circuit reasoned in *Klausner*, false deductions in tax returns are material as a matter of law. This analysis does not involve a factual determination; it rests on federal tax laws:

> Under the statutes governing calculation of income tax, the itemized deductions on the income tax returns of Klausner's clients were essential to the computation of their taxes. According to 26 U.S.C. § 1, a tax is imposed on the taxable income of individuals. Under 26 U.S.C. § 63, an individual's taxable income is defined as gross income minus allowable deductions, including itemized deductions.... The Seventh Circuit in *[United States v.] Warden* [545 F.2d 32, 37 (7th Cir.1976) ] recognized the effect of this statutory scheme:
>
>> Since deductions are subtracted from gross income or adjusted gross income to reduce the ultimate tax liability, they are material contents of the return. Stated otherwise, *the deduction will invariably affect the taxpayer's liability*
>> ....

*Klausner*, 80 F.3d at 60–61 (footnote omitted) (emphasis and alteration of the *Warden* quotation supplied by the *Klausner* court). The Second Circuit also noted that under *Gaudin*, "[i]n criminal cases as in civil, ... the judge must be permitted to instruct the jury on the law...." *Id.* at 60, 61.

Similarly, the Tenth Circuit has defined materiality in the context of an alleged offense under section 7206 in a way that hinges on "whether a particular item must be reported in order that the taxpayer estimate

and compute his tax correctly." *Strand*, 617 F.2d at 574 (internal quotations omitted). While holding in *Strand* that materiality was an issue to be decided by the court, the Tenth Circuit approved a jury instruction that stated in part:

> ... The Court instructs you that if you find that a substantial amount of gross receipts or other income was omitted from the tax return at issue herein, such omission is a material matter as contemplated by Section 7206, Subsection 1, of Title 26 of the United States Code.

*Strand*, 617 F.2d at 573. This instruction merely informs the jury what sort of information is essential to the correct computation of income taxes under federal tax laws.

The analyses of *Klausner* and *Strand* have an indelible premise: Congress has decided materiality in the context of income tax cases. The Internal Revenue Code expressly states how to compute an individual's income tax liability and so mandates the materiality of certain information. Telling jurors that particular information is material because it is essential to the statutory formula of tax computation is not an invasion of their fact-finding duties. Such an instruction fully informs the jury of what the law is, as mandated by Congress.

By contrast, *Gaudin* involved the general perjury statute, 18 U.S.C. § 1001. To determine materiality under that statute, a jury must decide whether the defendant's alleged misstatement was capable of influencing a decision by an agency. This decision turns, in part, on "what decision was the agency trying to make?" *Gaudin*, 515 U.S. at 512, 115 S.Ct. at 2314. Tax cases involve no such question. A tax return is filed so that the IRS can compute the taxpayer's liability, and correct reporting of income and deductions is vital. Accordingly, the Court concludes that *Gaudin* does not prohibit the use of instructions that, instead of removing materiality from the jury's consideration, merely defines with specificity what "material" means with regard to an income tax return.

The Court used such an instruction in this case, stating as follows concerning "Material Matters":

If you find that the defendant made a false statement on his tax return relating to business income, that is to say, if you find that the defendant received additional business income in excess of that reported on his return, regardless of the amount, then you are instructed that such omission of business income is a material matter. If you find that the defendant made a false statement on his tax return relating to itemized deductions, that is to say, if you find that the defendant reported itemized deductions in excess of his actual deductible expenses, regardless of the amount, then you are instructed that such inflation of the itemized deductions is a material matter.

The government does not have to prove that the defendant both underreported business income and over-reported deductions; proof of the falsity of a single material item is sufficient. You must all agree, however, on which material matter was false, if you find that only one was.

(Instr. No. 19.) This instruction was designed to inform the jury fully concerning the import of information that was alleged to be false in this case and that is essential to individual income tax computation under the federal statutory scheme. While in retrospect the Court might have better worded its intended message, it did not violate the principle later announced in *Gaudin*. Its instruction assisted rather than hampered the jury in the performance of its duty to determine whether the materiality element of an offense under section 7206 had been made out by the government.

## C. *Plain Error Analysis Under Johnson and Olano*

Gassaway is not entitled to reversal of his conviction under the Supreme Court's latest pronouncement in *Johnson*, which requires application of the rule announced in *Olano*. Assume the Court's instruction to the jury concerning "Material Matters" was wrong. The plain error analysis of *Olano* would govern because Gassaway did not object to this jury instruction at trial. Conducting that analysis here, as in *Johnson*, the alleged error does not meet the final requirement because it did not "seriously affect the fair-

ness, integrity or public reputation of judicial proceedings...." *Olano*, 507 U.S. at 736, 113 S.Ct. at 1779. "Indeed, it would be reversal of a conviction such as [Gassaway's] which would have that effect." *Johnson*, —— U.S. at ——, 117 S.Ct. at 1550.

■ The evidence was overwhelming at trial that the allegedly false entries in Gassaway's filed income tax return for 1991 were material. No plausible argument could be made that unreported business income and false itemized deductions were not essential to computation of his tax liability. In fact, the materiality issue went virtually uncontested at trial. Gassaway's defense hinged on whether the false information in his filed tax return was willfully submitted, not whether it was material. On the record in this case, properly analyzed under *Johnson* and *Olano*, there is no basis for reversal of Gassaway's conviction for violating tax laws based on *Gaudin*.

## CONCLUSION

Gassaway had no meritorious *Gaudin* claim. "Materiality" in the context of an income tax case hinges on the Tax Code and its congressionally mandated formula of income tax liability, and the Court correctly instructed the jury at trial concerning the law in this regard. In addition, there is no plain error warranting reversal of Gassaway's conviction for willfully filing a false income tax return. Thus, his counsel's failure to raise a *Gaudin* issue on appeal did not amount to ineffective assistance of counsel, and Gassaway cannot avoid the procedural bar applicable to his *Gaudin* claim brought under section 2255. Accordingly, the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is DENIED.