**Ronald D. WARNER, C.P.A., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 88–8065–CIV.**

United States District Court, S.D. Florida.

Nov. 4, 1988.

Harold E. Wolfe, Jr., West Palm Beach, Fla., for plaintiff.

John B. Consevage, Trial Atty./Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER ON PLAINTIFF'S MOTION IN LIMINE

PAINE, District Judge.

This cause comes before the court upon the Motion in Limine (DE 26) of the Plaintiff, RONALD D. WARNER, C.P.A. Having reviewed the file and the relevant authorities, the court enters the following order.

On September 26, 1988, the court entered an order pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in which it found that the scienter element of 26 U.S. C. § 6701(a)(3) requires the Internal Revenue Service to show that the Plaintiff was directly involved in aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws or directly procured a subordinate to do so. The court went on to consider Plaintiff's request that the court make a determination as to the degree of proof required of the Defendant. It was clear from the evidence submitted in support of the parties' arguments that the Defendant was of the belief that it need only sustain its burden of proof by a preponderance of the evidence. Since the Plaintiff's argument in favor of a clear and convincing standard did not occur until its reply to Defendant's Opposition to Plaintiff's Motion for Partial

Summary Judgment, the court deferred ruling on the issue of the standard of proof until the Defendant had an opportunity to research and present its position more fully. Plaintiff's Motion in Limine requests the court to make a ruling on the degree of proof now.

Plaintiff argues that a Defendant should be required to prove this case by clear and convincing evidence since this circuit has held the government to such a standard in proving taxpayer fraud. *Korecky v. Commissioner*, 781 F.2d 1566, 1568 (11th Cir. 1986); *Marsellus v. Commissioner*, 544 F.2d 883, 885 (5th Cir.1977); *Breland v. United States*, 323 F.2d 492, 497 (5th Cir. 1963). Defendant, on the other hand, argues that a preponderance standard should apply, analogizing the present case to cases brought by the Securities and Exchange Commission to enjoin fraudulent securities practices. Defendant also claims that since a preponderance of the evidence standard has been found to apply in § 6702 cases pertaining to frivolously filed tax returns, it naturally follows that the same standard should be applied under § 6701.

Defendant's latter argument ignores the reasoning of the court's earlier ruling. As the court noted in its September 26, 1988 order, the internal revenue code provides for a gradation in the civil penalties imposed which relates to the level of scienter required for liability under the particular section. *See Samson*, 62 A.F.T.R. at 88–5309. Section 6701 imposes the most severe civil penalties which may be assessed against a tax preparer such as the Plaintiff. This array of civil penalties and the similarity between § 6701 and § 6702 which imposes criminal penalties, led the court to the conclusion that the legislature intended the government to be held to a stringent level of proof, namely a false or fraudulent document standard. Based on this, the Defendant's comparison to § 6703 is unconvincing.

In light of the severity of the potential penalties in this case and the court's reasoning in determining that a false or fraudulent document standard should apply, the Defendant shall be required to carry its burden of proof by clear and convincing evidence.

Plaintiff also requests the court to hold all evidence introduced by the Defendant that does not meet the clear and convincing standard inadmissible. The admissibility of the evidence offered by the Defendant in this case shall be governed by the Federal Rules of Evidence. Whether the degree of proof required is by a preponderance of the evidence or by clear and convincing evidence does not govern or bear upon admissibility. In this regard, Plaintiff's Motion must be denied.

In view of the foregoing, it is hereby ORDERED and ADJUDGED that

(1) the Motion in Limine (DE 26) of the Plaintiff, RONALD D. WARNER, C.P.A., is GRANTED IN PART and DENIED IN PART;

(2) the Defendant, UNITED STATES OF AMERICA, shall be required to prove by clear and convincing evidence that the Plaintiff was directly involved in aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws or directly procured a subordinate to do so.

(3) the admissibility of the evidence received from the Defendant shall be determined in light of the Federal Rules of Evidence regardless of the degree of proof to be borne by the Defendant.

DONE and ORDERED.