**Ronald D. WARNER, C.P.A., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 88–8065–CIV.**

United States District Court, S.D. Florida.

May 26, 1989.

Wolfe, Harold E., Jr., P.A., West Palm Beach, Fla., for plaintiff.

Elizabeth Ruf Stein, Asst. U.S. Atty., Miami, Fla., Roger W. Bracken, S. Hollis Fleischer, Office of Special Litigation, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER

PAINE, District Judge.

This cause comes before the court upon the Motion for Summary Judgment (DE 34) of the Plaintiff, RONALD D. WARNER and the Motion for Partial Summary Judgment (DE 40) of the Defendant, UNITED STATES OF AMERICA. As these Motions are directed toward summary disposition of essentially the same issues, the court has considered the submissions of both parties

with respect to both motions in reaching the conclusions set forth below.[1]

On February 18, 1988, the Plaintiff filed a two count complaint in which he seeks judgment against the Defendant, UNITED STATES OF AMERICA, for the return of civil penalties assessed against him by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6701 and the abatement of similar penalties assessed but not yet paid. He also seeks an award of reasonable costs of litigation pursuant to 26 U.S.C. § 7430. The penalties relate to certain income tax returns prepared by the Plaintiff for George T. and Nancy Kelly and Village Home Builders, Inc. [hereinafter VHB], a Florida corporation in which George Kelly is the principal stockholder. An audit of the Kelleys' and VHB's returns for the years 1982, 1983 and 1984 was conducted in 1986. As a result of that audit, certain deductions were disallowed, which the Defendant claims as the basis for the penalties imposed against Plaintiff. However, the Kelleys and VHB have received no statutory notice of deficiency as their case has been held in abeyance pending the resolution of this one.

Attached to the Complaint as exhibits are a number of documents which evidence Plaintiffs pursuit of refund and abatement at the administrative level. Specifically, composite exhibits four and five include Plaintiffs claim for refunds as to the individual and corporate taxpayers respectively. Those exhibits contain a detailed explanation of why Plaintiff believes he cannot be liable for aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws. Plaintiff also complains that he has never received any written legal or factual basis for the Defendant's imposition of penalties under 26 U.S.C. § 6701. Plaintiff now moves for summary judgment against the defendant on all issues.

Defendant has filed not only an opposition to the Motion for Summary Judgment but has also moved for summary judgment in its favor on some of the issues raised by the Plaintiff. Defendant does not seek summary judgment in its favor on the issue of whether Plaintiff prepared and present a false or fraudulent document, as it apparently believes that issues of fact exist which would more properly be resolved at trial. Therefore, Defendant opposes Plaintiff's Motion on that issue.

On a motion for summary judgment, the moving party will prevail if "there is no issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc. v. Scribner Equip. Co.* 745 F.2d 1365, 1369 (11th Cir.1984). Once the moving party has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.,* 584 F.2d 111, 114 (5th Cir.1978). The question for the court is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson,* 14 Wall 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)). The court may enter summary judgment against the nonmoving party if he or she "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Failure to establish an essential element necessarily renders all other facts

---

1. The court also reviewed the arguments and evidence offered in Defendant's Opposition to Plaintiff's Motion for Summary Judgment (DE 46), Plaintiff's Response Brief to Defendant's Motion for Partial Summary Judgment (DE 51), Defendant's Reply to Opposition to Motion for Summary Judgment (DE 52) and Plaintiff's Response Brief to Opposition to Motion for Summary (DE 54).

immaterial, leading to the conclusion that there is no genuine issue of material fact. *Id.* The moving party is then entitled to judgment as a matter of law because the opposing party has failed to establish an essential element with respect to which he or she has the burden of proof. *Id.*

The parties agree that under 26 U.S.C. § 6703 Defendant carries the burden of proof with respect to § 6701 penalties. When the non-moving party on summary judgment would bear the burden of proof at trial, that party must allege specific facts to demonstrate that a genuine issue of fact exists. *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Additionally, the non-moving party must raise the genuine factual dispute in the context of the substantive evidentiary burden which would apply at trial. *Anderson*, 106 S.Ct. at 2513; *Cottle*, 849 F.2d at 575. However, while the judge is viewing the evidence presented on summary judgment "through the prism of the substantive evidentiary burden," the evidence of the non-movant is taken as true and all justifiable inferences are drawn in his or her favor. *Anderson*, 106 S.Ct. at 2513. Finally, the court may deny summary judgment if it appears that the preferable course would be to proceed to full trial. *Id.* at 2514.

26 U.S.C. § 6701 was added to the Internal Revenue Code as part of the Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97–248, 96 Stat. 324, 97th Cong.2d Sess.1982. Section 6701(a) provides as follows:

(a) **Imposition of penalty.**—Any person—

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document in connection with any material matter arising under the internal revenue laws,

(2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) will result in an understatement of the liability for tax of another person, shall pay a penalty with respect to each such document. . . .

On September 26, 1988, the court entered an order on the Plaintiff's Motion for Partial Summary Judgment (DE 12). In that order the court found that "the scienter element of § 6701(a)(3) requires the Defendant to show that the Plaintiff was directly involved in aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws or directly procured a subordinate to do so" (DE 24 at 12). Shortly thereafter, the court entered an order on Plaintiff's Motion in Limine in which it found that the Defendant must carry its burden of proof with respect to the penalties by clear and convincing evidence (DE 29) 700 F.Supp. 532. In accordance with the standard set forth above, the court must view defendant's evidence in opposition to Plaintiff's Motion for Summary Judgment in the context of the clear and convincing evidence standard. *See Anderson*, 106 S.Ct. at 2513; *Cottle*, 849 F.2d at 575.

In accordance with its previous orders, the court finds that the following matters constitute elements which must be proved by Defendant in order to impose § 6701 penalties against Plaintiff:

(1) that Plaintiff aided or assisted in the preparation or presentation of any portion of the Kelley's and VHB's income tax returns for the years 1982, 1983 and 1984;

(2) that any such portion prepared or presented by Plaintiff related to a material matter arising under the internal revenue laws;

(3) that there was an understatement of tax liability by the Kelleys and VHB for the aforementioned years; and

(4) that Plaintiff knew that any portion of the Kelley's and/or VHB's tax returns would result in that understatement of liability of tax, thereby causing the document to be false or fraudulent.

There is no dispute that Plaintiff was the Kelley's and VHB's accountant and that

he, or someone in his firm prepared the tax returns in question. Therefore, the first issue is resolved in Defendant's favor.

With respect to the second element, Defendant claims that the mere filing of the Kelly's and VHB's tax returns in which the alleged understatements occurred constitutes a material matter within the meaning of § 6701. However, a reading of the plain words of the statute leads the court to the conclusion that a more specific analysis is required. Section 6701 refers to "any portion of a return, affidavit, claim or other document ..." which the tax preparer knows will be used "in connection with any material matter...." The court must make a determination of the materiality issue as it relates to the individual deductions which allegedly resulted in an understatement of tax liability.

As has been the case throughout this litigation, there is a dearth of authority to guide us in making this determination. The test of materiality with respect to a false tax return has been discussed in the context of 26 U.S.C. § 7206 criminal penalties. *See United States v. Warden*, 545 F.2d 32, 37 (7th Cir.1976); *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir.1969). The courts in those cases considered "whether a particular item must be reported 'in order that the taxpayer estimate and compute his tax correctly.'" *Null*, 415 F.2d at 1181 (quoting *United States v. Rayor*, 204 F.Supp. 486, 491 (S.D.Cal.1962)). *See also Warden*, 545 F.2d at 37. In *Warden*, the court noted that since deductions are subtracted for the gross or adjusted gross income, to reduce the ultimate tax liability, they are material to the returns. However, to make this uncharacteristically simple conclusion more complicated, the court went on to discuss the trial court's jury instructions. The jury was directed that, with respect to the materiality issue, they were required to find that deductions must have been overstated "in some substantial amount."

■ The court has considered the individual deductions which Defendant has claimed were improper. (*See* DE 41 and

exhibits and Internal Revenue Agent, Jim Tabor's report attached to Plaintiff's claim for refund.) They range from a low amount of $114.00 to a high of $69,357.00. Plaintiff has provided no evidence or authority to indicate that such amounts are not material. The court finds that, on the whole, the deductions in question are sufficiently "substantial" to constitute material matters within the meaning of § 6701. Accordingly, judgment must be entered in favor of the Defendant on the materiality issue.

■ The third element to be proved by Defendant is that there was an understatement of the tax liability of the Kelleys and VHB for the years 1982, 1983 and 1984. Plaintiff points out in several of his submissions that no statutory notice of deficiency has been issued with respect to the taxpayers. Therefore, no presumption of correctness applies to the thirty-day letters issued by the Defendant to inform the Kelleys and VHB of additional tax liability. *See Herbert v. Commissioner*, 377 F.2d 65 (9th Cir.1966). Plaintiff claims that this, combined with the arguments made in his claim for refund, presents a prima facie case that there was no understatement of tax. The court does not agree. Plaintiff's claim for refund does not demonstrate that no understatement of tax liability exists. Rather it focuses on refuting the scienter element of § 6701, arguing why and how Plaintiff did not realize that the Kelley's and VHB's tax liability was being understated. Therefore, the court must deny Plaintiff's Motion on this issue and go on to consider whether Defendant has proven tax understatement for purposes of its Motion.

In support of its Motion for Partial Summary Judgment, Defendant provides the report of Revenue Agent, Jim Tabor, which accompanied the thirty day letters sent to the Kelleys and VHB. (DE 41, exhibits A and B [2]). This report sets forth the additional tax assessments which the agent concluded were justified. Defendant agrees with Plaintiff's legal argument that there is no presumption of correctness with

---

**2.** These are also found in composite exhibit 4 to the Complaint.

respect to these assessments as no deficiency notice has been issued to the taxpayers. Defendant argues that, regardless of the presumption, it has sufficiently shown that an understatement of tax liability occurred. Specifically, Defendant points out, as the court did above, that the claim for refund by Plaintiff was primarily directed toward showing that he had no knowledge, based upon the information given to him by his clients, that the deductions taken were incorrect. Also, Defendant refers to deposition testimony of George Kelley in which he agreed that the deductions were improper when he was presented with the information on which they were based.

In response to these arguments, Plaintiff again discusses the fact that the presumption of correctness does not apply in favor of the Defendant in this case. Plaintiff also bandies about language to the effect that the Defendant has merely present naked assessments without factual or legal foundation. It would certainly be an easier determination for the court had the Defendant pursued its case against the Kelleys and VHB beyond the lowest administrative level. However, based upon the evidence that exists and has been presented, the court finds that Defendant has shown that an understatement of tax occurred. Although Defendant's assessments may well be incorrect, Plaintiff's submissions, having focused so heavily on the false and fraudulent document issue, fail to raise a genuine question of fact on this issue. Accordingly, Defendant's Motion for Partial Summary Judgment must be granted as to the issue of the understatement of the Kelley's and VHB's tax liability.

■ The final element comprises the main issue discussed in the court's earlier order on Plaintiff's Motion for Partial Summary Judgment. (DE 24). As the court noted then, if the Plaintiff knew that portions of the tax returns as prepared and presented would result in the understatement of tax liability, those portions of the returns must necessarily be false and fraudulent. To this end, the court disagrees with Defendant's arguments throughout, which is that "incorrect" necessarily means false. Although a false or fraudulent document may also be incorrect, the court does not believe that the reverse argument holds true in this context. Incorrect can mean something less than false or fraudulent, such as negligence. Fraud implies intentional wrongdoing and bad faith. *Carter v. Campbell*, 264 F.2d 930, 935 (5th Cir.1959) (quoting *Davis v. Commissioner*, 184 F.2d 86, 87 (10th Cir.1950)).

In the instant case, Plaintiff's claim for refund (DE 1 composite exhibit 4) vehemently argues that he had no knowledge that, based upon the records and information provided by his clients, that the deductions on which Defendant's assessments are based were incorrect. Plaintiff has successfully carried his initial burden as the moving party on summary judgment. Defendant counters with arguments and deposition testimony of both Plaintiff and George Kelley which indicate that Plaintiff and his firm had done all the accounting, bookkeeping and tax preparation work for the taxpayers since the early 1970's. This evidence raises a question in the court's mind as to whether Plaintiff had such close knowledge of the workings of the Kelley's lives and the operation of VHB that his claims of ignorance are not genuine.

The court must admit that, while viewing the evidence presented "through the prism of the substantive evidentiary burden" to be carried by the Defendant, it is faced with quite a close call. However, giving all reasonable inferences to Defendant as the non moving party, the court finds that it has presented sufficient evidence to raise a material issue of fact with respect to fraud on the part of Plaintiff. Additionally, the determination of whether Plaintiff knew that he was preparing and presenting tax returns that contained understatements of the taxpayers' liability is one in which the court's evaluation of the witnesses' credibility will be a significant factor. Therefore, the court believes that the preferable course is to proceed to trial on the false or fraudulent document issue.

In view of all of the foregoing, it is hereby ORDERED and ADJUDGED that

(1) the Motion for Summary Judgment (DE 34) of the Plaintiff, RONALD D. WARNER, is DENIED.

(2) the Motion for Partial Summary Judgment (DE 40) of the Defendant, UNITED STATES OF AMERICA, is GRANTED.

(3) the case shall proceed to trial on the remaining issue as set by further order of the court.

DONE and ORDERED.