UNITED STATES of America,
Plaintiff–Appellee,

v.

David R. KNAPP, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

GRK CORPORATION, dba Knapp
Ford/Mercury, Defendant–
Appellant.

Nos. 94–10022, 94–10023.

United States Court of Appeals,
Ninth Circuit.

May 9, 1997.

W. Scott Quinlan, Fresno, California, and Roger T. Nuttall and Mark W. Coleman, Nuttall Berman Attys., Fresno, California, for defendant-appellant David R. Knapp.

Ronald H. Abernethy, Harris, Perisho & Woodwon, Stockton, California, for defendant-appellant GRK Corporation.

Kenneth J. Melikian, Carl M. Faller, Jr., Asst. U.S. Attys., Fresno, CA, for plaintiff-appellee United States.

. Before: ALARCON and HALL, Circuit Judges, and KING,* District Judge.

SAMUEL P. KING, District Judge:

Petitioners David R. Knapp and GRK Corporation d/b/a Knapp Ford/Mercury (collectively "Knapp") appealed jointly from a conviction and sentence for (1) conspiracy to money launder, 18 U.S.C. § 371; (2) money laundering, 18 U.S.C. § 1956(a)(1)(B)(i); and (3) filing false currency transaction reports, 26 U.S.C. §§ 6050I(f)(1)(B) and 7206(1) & (2). We affirmed in an unpublished disposition. *United States v. Knapp*, 52 F.3d 335 (9th Cir.1995). Knapp petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court granted certiorari, vacated our decision, and remanded the case for our further consideration in light of *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444. *Knapp v. United States*, —— U.S. ——, 116 S.Ct. 666, 133 L.Ed.2d 517 (1995). In light of *Gaudin*, we affirm in part, reverse in part, and remand this case to the district court for further proceedings consistent with this opinion.

## DISCUSSION

### I. Jury Instructions

■■■ The standard of review of a district court's denial of a proposed jury instruction turns on the nature of the error alleged. *United States v. Duran*, 59 F.3d 938, 940–41 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 535, 133 L.Ed.2d 440 (1995). We review *de novo* whether the district court's instructions adequately presented the defendant's theory of the case. *Id.* If the district court's instructions fairly and adequately covered the elements of the offense, we review the instruction's "precise formulation" for an abuse of discretion. *United States v. Woodley*, 9 F.3d 774, 780 (9th Cir.1993) (citing *United States v. Lunstedt*, 997 F.2d 665 (9th Cir.1993)). Here, the issue is a question of law, whether the trial court presented the jury with every element of the crimes charged pursuant to *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444. Therefore, the proper standard of review for denial of a jury instruction is *de novo* rather than abuse of discretion. If a jury instruction misstates elements of a statutory crime, the standard of review is also *de novo*. *United States v. Johnson*, 956 F.2d 197, 199 (9th Cir.1992) (citation omitted).

### II. *United States v. Gaudin*

In *United States v. Gaudin*, the trial court convicted respondent of violating 18 U.S.C. § 1001, making material false statements in a matter within the jurisdiction of a federal agency. 515 U.S. at ——, 115 S.Ct. at 2312. Contravening every other circuit, the Ninth Circuit held that the trial court erred in treating the "materiality" element of the charges as a question of law, rather than submitting it to the jury. *United States v. Gaudin*, 997 F.2d 1267, 1271 (9th Cir.), *rehearing granted,* 5 F.3d 374 (1993). On rehearing en banc, we emphasized that taking the question of materiality from the jury denied Gaudin his constitutional rights to due process and trial by jury. *United States v. Gaudin*, 28 F.3d 943, 949 (9th Cir.1994).

The Supreme Court agreed. 515 U.S. at ——, 115 S.Ct. at 2314. *Gaudin* stands for the general proposition that the Constitution gives criminal defendants a right to have a jury determine, beyond a reasonable doubt, the defendant's guilt of every element of the

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

crime with which he or she is charged. *Id.* Justice Scalia reasoned:

> The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; respondent therefore had a right to have the jury decide materiality.

*Id.* We now apply this *"Gaudin* reasoning" to the charges in the present case.[1]

### A. *Conspiracy Instructions*

■ In his petition for certiorari, Knapp contended that the conspiracy instruction erroneously failed to require the jury to find that he had knowledge of the unlawful object of the conspiracy. Although the Supreme Court's remand order to require us to review all claims in light of *Gaudin,* we find that *Gaudin* does not apply to this situation and that the claim lacks merit in any event. The trial judge instructed that Knapp had to have knowledge of the objective of the conspiracy—money laundering—and that he had to intend to help accomplish it. He also stated that the jury had to find there was a plan to commit a crime alleged in the indictment as an object of the conspiracy. Taken as a whole, the instruction adequately informed the jury as to the intent required to convict on a conspiracy charge and conformed to this circuit's precedents. Nothing in *Gaudin,* which addresses the different issue of whether the district court can decide as a matter of law an element of the crime, requires us to reverse on this count. Accordingly, we affirm the conspiracy count.

### B. *Money-Laundering Instructions*

Knapp argues that the general jury instruction defining "knowingly" improperly negated an element of money laundering from the jury's consideration, contrary to the holdings of *Gaudin* and *United States v. Stein,* 37 F.3d 1407, 1410 (9th Cir.1994). Knapp is wrong.

The *Stein* court reversed convictions for money laundering because a general instruction defining "knowingly" conflicted with the money-laundering instruction. The court

distinguished between the two types of "knowledge" in money laundering: "[w]hile to sustain a conviction the defendant must have known that the primary predicate activity (in this case [*Stein* ] securities, mail and wire fraud) was unlawful, he need not have known that the secondary act of laundering the proceeds was unlawful." *Stein,* 37 F.3d at 1410 (citation omitted).

In *Stein,* the trial court instructed the jury "the government must prove ... the defendant knew that the property represented the proceeds of securities fraud, mail fraud, or wire fraud." *Id.* The court then gave a general instruction on knowledge: "[a]n act is done knowingly if the defendant is aware of the act and doesn't act through ignorance, mistake or accident. The Government is not required to prove that the defendant knew that his acts or omissions were unlawful." *Id.* This general instruction is Ninth Circuit Model Criminal Instruction No. 5.06 (which was given in Knapp's case). The *Stein* court held:

> This general instruction conflicts with the district court's previous instruction on money laundering, because it purports to apply to all of the defendant's actions-his predicate acts of fraud as well as his secondary act of money laundering.
>
> Where two instructions conflict, a reviewing court cannot presume that the jury followed the correct one. Here, by applying the later general instruction, a jury could convict Stein without finding that he knew his predicate acts of fraud were unlawful. Taken as a whole, the instructions omitted an element of the offense.... Such error cannot be harmless.

*Id.*

■ The instructions in Knapp's case were similar, but with two critical differences. Here, instruction No. 18 gave the elements of money laundering:

> To establish the crime [of money laundering], the government must prove beyond a reasonable doubt the following four elements:

---

1. In light of the Supreme Court's general remand in light of *Gaudin,* we review all counts here.

(1) The defendant *knowingly* conducted a financial transaction.

(2) The defendant must *know* that the transaction involved property which represented the proceeds of some form of unlawful activity.

(3) The transaction involved property which in fact was drug trafficking proceeds.

(4) The defendant engaged in the transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of property which was drug trafficking proceeds. (emphasis added).

As in *Stein*, the money-laundering instruction was followed immediately by a general instruction defining "knowingly":

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. *As to money laundering*, the government is not required to prove that the defendant knew that his acts or omissions were unlawful. (emphasis added).

The emphasized phrase "as to money laundering" distinguishes the latter instruction from the one given in *Stein*. In *Stein*, the court reasoned that the "knowingly" instruction purported to apply to both the object of the conspiracy and to the money laundering act itself. The added phrase "as to money laundering" made sufficiently clear that the corresponding sentence applied only to the crime itself.

Moreover, the court gave the following additional instruction not given in *Stein*:

The term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form of activity that constitutes a felony under federal or state law. Drug trafficking is a felony under federal or state law.

Combined, these differences distinguish *Stein*. These differences directly address the possibility that the jury could have omitted the second element of money laundering

2. Our prior decision declined to expand the

and convicted without finding Knapp knew the money represented illegal drug proceeds. Since we find that *Stein* does not apply, and therefore, that the element was not improperly taken away from the jury, we also find there was no *Gaudin* error with regard to the money laundering counts. Accordingly, we affirm the money laundering convictions.

### C. *Currency Reporting Instructions*

Although materiality is an element under 26 U.S.C. §§ 7206(1) & (2), the trial court did not submit the issue to the jury. Knapp argues that under *Gaudin*, it was required to do so. This court recently decided whether the question of materiality belongs to the jury under 26 U.S.C. § 7206(1). The answer is "yes." *United States v. Uchimura*, 107 F.3d 1321 (9th Cir.1997).

■ In sum, *Uchimura* held that "the Supreme Court's reasoning [in *Gaudin* ] applies with equal potency to every crime of which materiality is an element." *Id.* at 1322. The court found that materiality under 26 U.S.C. § 7206(1) is an essential element for the jury to determine because it is fact-dependent:

Under most circumstances, this Court's pre-*Gaudin* statement that "any failure to report income is material" is one with which most juries would agree, since any failure to report income usually affects a determination of whether tax is owed.... But just because a jury usually would agree with such a statement does not mean that a jury must agree with it, as a matter of law. Even if any failure to report income is material in most circumstances, it is not necessarily material in all circumstances, since the materiality of an underreporting of income necessarily depends on the facts of each case.

*Id.* at 1324 (citation omitted). The decision effectively overrules *United States v. Flake*, 746 F.2d 535 (9th Cir.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1220, 84 L.Ed.2d 360 (1985), which held that materiality was a question of law, rather than a question of fact, under 26 U.S.C. § 7206(1). *Uchimura*, 107 F.3d at 1324–25.[2]

Ninth Circuit's *Gaudin* holding to § 7206 be-

Accordingly, the district court's instruction removing the element of materiality from the jury's consideration in the filing false currency report charge was erroneous.

### III. Reversible Error

■ Once this court finds that an instruction was erroneous, we must determine whether that error requires reversal. *See, e.g., United States v. Keys,* 95 F.3d 874, 878 (9th Cir.1996) (analyzing plain error standard) This circuit has held and recently reaffirmed an exception to the *Olano* plain error standard when the defendant is faced with a "solid wall of circuit authority" endorsing a jury instruction. *Keys,* 95 F.3d at 878 (citing *United States v. Scott,* 425 F.2d 55, 57–58 (9th Cir.1970) (en banc)).[3] In such a case, "no objection to that instruction need be registered in the trial court to preserve the point on appeal should that 'solid wall' suddenly crumble in the interim and render the instruction defective." *Id.* Moreover, it is clear that:

> a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.

*Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

Here, Knapp is entitled to the retroactive application of *Gaudin.* The Supreme Court's ruling in *Gaudin* intervened and made a "clear break" with past law. *Flake,* 746 F.2d at 537. Review for plain error in this situation is therefore "unconscionable" and *Olano* does not govern. *Keys,* 95 F.3d at 879. We instead review for "harmless error." *Id.*; *Uchimura,* 107 F.3d at 1324–25.[4]

■ Under Rule 52(a), "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." FED.R.CRIM.P. 52(a). The state has the burden of showing that error was harmless beyond a reasonable doubt because failing to put an essential element before a jury in a criminal case is of constitutional dimension. *Id.* at 880. When a trial court removes proof of an element from a jury's determination, the error is "structural" and cannot be harmless. *Keys,* 95 F.3d at 880; *Gaudin,* 28 F.3d at 951.

■ As this court has stated in *Keys:*

> Changing the rules after the event and requiring a second trial is understandably troublesome, but a trial is not a game, and the Constitution is not a set of game rules. The Constitution is a solemn promise that the people of this nation have made to each other that neither life nor liberty shall be taken by our government without faithful adherence to certain basic principles.

95 F.3d at 881. Because the record demonstrates that the jury did not determine the materiality of the statements in the currency reports, we must reverse the currency reporting conviction, no matter how strong the evidence of guilt may be.

### IV. Conclusion

We are reinstating our prior disposition as to all other issues. Accordingly, this case is AFFIRMED in part, REVERSED in part, and REMANDED.

---

cause at the time, *Flake* was well-established in this circuit and directly on point.

**3.** The Supreme Court is currently reviewing the proper standard of review in *Gaudin*-type cases. *United States v. Johnson,* 82 F.3d 429 (11th Cir.) (unpublished), *cert. granted,* —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996). If the Court affirms the Eleventh Circuit, we may need to reconsider this case. Until then, we will follow this circuit's approach in *Keys.*

**4.** We note that after this Court decided *Keys,* the Supreme Court granted certiorari in *United States v. Johnson,* 82 F.3d 429 (11th Cir.), *cert. granted,* —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996). *Johnson* raises some of the same issues relating to the proper standard of review for *Gaudin* error that this court decided in *Keys.* But the Eleventh Circuit took a different approach from that in *Keys,* and like the *Uchimura* panel, we are not persuaded that *Keys* is incorrect. *See Uchimura,* 107 F.3d at 1325 n. 6.