UNITED STATES of America,
Plaintiff–Appellee,

v.

Byeong Jae YOO, Defendant–Appellant.

No. 00–50629.

D.C. No. CR 99–277–NM–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2001 *.

Decided Dec. 18, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before BEEZER and WARDLAW, Circuit Judges and SCHWARZER,** District Judge.

## MEMORANDUM ***

Byeong Jae Yoo ("Yoo") appeals his jury conviction for being an alien in possession of a firearm, 18 U.S.C. § 922(g)(5), and possession of an unregistered silencer, 26 U.S.C. § 5861(d). He also appeals his sentence, contending that the application of the cross-reference provision set forth in § 2K2.1(c)(1) of the United States Sen-

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

tencing Guidelines ("U.S.S.G.") was error. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

 The district court did not abuse its discretion in refusing to instruct the jury on the defense of entrapment. *See United States v. Duran,* 59 F.3d 938, 941 (9th Cir.1995) (whether a defendant has made the required factual foundation to support a requested jury instruction is reviewed for abuse of discretion). Yoo failed to meet his burden of showing even slight evidence that he was induced by the government to possess the gun and silencer and that he was not predisposed to do so. *See United States v. Marbella,* 73 F.3d 1508, 1512 (9th Cir.1996) (defendant must present slight evidence of inducement and lack of predisposition to be entitled to entrapment instruction).

The various snippets of recorded conversation referenced by Yoo, including the initiation of discussion about obtaining a gun by FBI cooperating witness Park and Park's request to Yoo to bring him the gun for repairs, do not constitute evidence of inducement. *See United States v. Poehlman,* 217 F.3d 692, 701 (9th Cir.2000) (inducement typically involves excessive pressure or the government's taking advantage of a non-criminal motive).

Nor did Yoo present evidence of a lack of predisposition. His statements expressing reluctance demonstrated a fear of being caught, rather than a reluctance to possess the gun or silencer. *See United States v. Brandon,* 633 F.2d 773, 778 (9th Cir.1980) (fear of apprehension by government does not amount to lack of predisposition).

 Yoo next asserts error in the district court's admission of Park's testimony that there were two ways to say "silencer" in Korean and that certain English words had been adopted into Korean. Because Park is a native-born Korean speaker and thus had sufficient personal knowledge of the language, the district court did not abuse its discretion in admitting his testimony. *See* Fed.R.Evid. 602; *United States v. Begay,* 42 F.3d 486, 503 (reviewing admission of testimony for an abuse of discretion). Also, because Park did not testify that "silencer" had been adopted into Korean, Yoo's proffered expert opinion on whether the word had been adopted into Korean would not have assisted the jury, and the court did not abuse its discretion in excluding it. *See* Fed.R.Evid. 701; *United States v. Benavidez–Benavidez,* 217 F.3d 720, 723 (9th Cir.2000) (reviewing exclusion of expert testimony for an abuse of discretion).

 The district court also did not err in refusing to instruct the jury that Yoo's possession of the silencer had to be voluntary. *United States v. Knapp,* 120 F.3d 928, 930 (9th Cir.1997) (reviewing de novo whether a jury instruction correctly states the elements of a crime). The court relied on the language of Ninth Circuit Model Criminal Jury Instruction 9.31, which is clear and preferable. *United States v. Summers,* 268 F.3d 683, 688 n. 2 (9th Cir.2001).

 Yoo's due process rights were not violated by the district court's application of cross-reference U.S.S.G. § 2K2.1(c)(1) to increase his offense level by four. We review de novo the constitutionality of a sentence imposed under the Sentencing Guidelines. *United States v. Mezas de Jesus,* 217 F.3d 638, 642 (9th Cir.2000). The court applied specific offense characteristics from the extortion guideline, ultimately setting the sentencing range at 63 to 78 months. Because the maximum penalty to which Yoo was exposed was less than the ten year statutory maximum for each of his counts of convictions, *Apprendi* does not apply. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Furthermore, because Yoo made several statements, which were recorded, about using the gun to demand money, the district court did not clearly err in finding that the facts supporting the use of the cross-reference had been proved by clear and convincing evidence. *See United States v. Pirello*, 255 F.3d 728, 731 (9th Cir.2001) (factual findings at sentencing are reviewed for clear error); *Mezas de Jesus*, 217 F.3d at 642 (clear and convincing evidence must support sentencing factor with a disproportionate effect on a sentence). Yoo's conviction and sentence are therefore

AFFIRMED.