UNITED STATES of America, Plaintiff—Appellee,

v.

Ediberto A. ALVAREZ–FARFAN, Defendant—Appellant.

No. 02–10324.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2003.

Decided Aug. 7, 2003.

Before: D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP, District Judge.

MEMORANDUM *

Ediberto Alvarez–Farfan appeals his jury conviction and sentence for conspiracy to distribute methamphetamine and distribution of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm with respect to the claims addressed in this disposition.

8. *Leon–Barrios*, 116 F.3d at 394.

9. 8 U.S.C. § 1254(a)(1) (1996).

10. *Kalaw*, 133 F.3d at 1152.

11. *Id.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Our de novo review of the evidence satisfies us that, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found Alvarez guilty of conspiracy to distribute methamphetamine beyond a reasonable doubt. The Government presented evidence sufficient to show an agreement between Blanco and Alvarez to distribute methamphetamine, the commission of an overt act in furtherance of the conspiracy and the requisite mens rea. *See United States v. Lennick,* 18 F.3d 814, 818 (9th Cir.1994).

The jury instructions on conspiracy "fairly and adequately covered the elements of the offense." *United States v. Knapp,* 120 F.3d 928, 930 (9th Cir.1997). Moreover, looking at the instructions as a whole and not in isolation, *see United States v. Vallejo,* 237 F.3d 1008, 1024 (9th Cir.), *amended by* 246 F.3d 1150 (9th Cir. 2001), it was clear that Rivera was not a co-conspirator. The district court did not abuse its discretion in its precise formulation of the instructions. *See Knapp,* 120 F.3d at 930.

In addition, the district court did not err in instructing the jury on confidential informants. Jury Instructions 10 and 11 adequately presented Alvarez's theory of the case. *See United States v. Smith,* 217 F.3d 746, 750 (9th Cir.2000); *see also United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990) ("A failure to give [an] instruction [of the defendant's theory of the case] is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory."). "[I]t is not required that the jury be instructed in line with the chosen words of the accused." *United States v. Davis,* 597 F.2d 1237, 1239 (9th Cir.1979).

The district court did not abuse its discretion in excluding the audiotape re-cording. Ample evidence supported the district court's conclusion that "the unintelligible portions are so substantial that the recording as a whole is untrustworthy." *United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996) (quoting *United States v. Lane,* 514 F.2d 22, 27 (9th Cir. 1975)).

Because a preponderance of the evidence supported the district court's finding that Alvarez perjured himself, *see United States v. Montano,* 250 F.3d 709, 713 (9th Cir.2001), the district court did not clearly err in concluding that Alvarez obstructed justice, *see United States v. Pizzichiello,* 272 F.3d 1232, 1236 (9th Cir.2002). Accordingly, U.S. Sentencing Guideline § 3C1.1 applied. *United States v. Dunnigan,* 507 U.S. 87, 92–93, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Similarly, the district court did not clearly err in refusing to grant Alvarez a reduction for being a minor or minimal participant in the crime. *See United States v. Smith,* 282 F.3d 758, 772 (9th Cir.2002). Despite the district court's mistake that Alvarez changed the location of the drug deal, a preponderance of the evidence supported the district court's conclusion that Alvarez played an important role in the two-person conspiracy. *See Montano,* 250 F.3d at 713.

Alvarez has failed to demonstrate any trial errors that might be cumulated, making cumulative error inapposite to this case. *See Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir.2002) ("Cumulative error applies where, 'although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant.' ").

AFFIRMED.