**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David SPROUL, Defendant—Appellant.**

No. 02–10657.
D.C. No. CR–02–00129–FCD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 20, 2003.

Steven R. Lapham, AUSA, USSC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Benjamin Brenner, Blackmon and Snellings, Sacramento, CA, for Defendant–Appellant.

Before FARRIS, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM **

David Sproul appeals his conviction on two counts of mail fraud in violation of 18 U.S.C. § 1341. He argues that the district court erred by (1) denying his proposed good faith jury instruction, and (2) excluding his expert witness testimony. We affirm.

Jury Instruction

The standard of review of the district court's denial of a proposed jury instruction turns on the nature of the error alleged. *See United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000); *United States v. Knapp*, 120 F.3d 928, 930 (9th Cir.1997). We review de novo whether the district court's instructions adequately presented the defendant's theory of the case. *See United States v. Smith*, 217 F.3d 746, 750 (9th Cir.2000); however, its "precise formulation" of the instructions is reviewed for an abuse of discretion. *See Dixon*, 201 F.3d at 1230; *Knapp*, 120 F.3d at 930.

■ A mail fraud defendant has no right to a "good faith" instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged. *See, e.g., United States v. Frega*, 179 F.3d 793, 804 (9th Cir.1999) (where district court provided adequate instruction on specific intent element of mail fraud, no good faith defense instruction was required); *United States v. Dees*, 34 F.3d 838, 842 (9th Cir. 1994) (specific good faith instruction is unnecessary where the court has already adequately instructed the jury as to specific intent); *United States v. Sarno*, 73 F.3d 1470, 1487 (9th Cir.1995) (notwithstanding normal rules governing theory of defense requests, the failure to give instruction on good faith defense is not fatal so long as the jury is clearly instructed as to the necessity of specific intent as an element of crime). As the district court defined intent to defraud, no good faith instruction was necessary at all, and certainly not the defendant's specific instruction.

■ Sproul's proposed instruction asked that the district court charge that good faith is "a complete defense." While accurate, it expressed no concept not included in the district court's instruction that if the jury believed Sproul's representations were made in good faith it "should acquit." His instruction also went further to include his version of the facts, i.e., his alleged reliance upon his customer Buonocore's approval of the invoices. "As a general matter, a district court may refuse to give a jury instruction 'if its language gives undue emphasis to defendant's version of the facts rather than being a statement of appropriate principles of [the] law for the jury to apply to the facts." *United States v. Velarde–Gomez*, 224 F.3d 1062, 1075 (9th Cir.2000) (decision vacated on other grounds) (quoting *United States v. Goland*,

---

* Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

959 F.2d 1449, 1453 (9ᵗʰ Cir.1992)). The failure to specifically reference the source of Sproul's good faith belief was not an abuse of discretion.

Expert Testimony

 The exclusion of Sproul's expert witness is reviewed for an abuse of discretion. *United States v. Benavidez–Benavidez*, 217 F.3d 720, 723 (9ᵗʰ Cir.2000). We find no abuse of discretion in the district court's exclusion of the defense expert's testimony regarding the content of the ATF regulations regarding the small winery tax credit. Sproul was charged with defrauding the receiver by misrepresenting the tax rate he billed in the invoices. Nothing the expert proffered was relevant to the propriety of failing to disclose the credit to the receiver. He offered no opinion regarding the information a receiver would need to administer a winery. To the extent the expert was called to testify about the advice he would give to a winery client in its business dealing with other wineries, that evidence was not germane to the information Sproul fraudulently withheld from the receiver, his duty to divulge it, or his good faith belief that he had no duty to truthfully disclose that he claimed the credit while invoicing for the full amount of the tax.

AFFIRMED.