**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Peter MAHONEY, Defendant—Appellant.**

**No. 07–30429.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 29, 2008.*

Filed Oct. 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Peter Mahoney appeals his convictions for conspiracy to violate the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2342(a),[1] and conspiracy to launder money. We affirm.

Mahoney contends that the CCTA does not apply to Native Americans. We rejected this argument in *United States v. Baker*, 63 F.3d 1478, 1484–86 (9th Cir. 1995). *Baker* found no "congressional intent to create an additional category of persons exempt from the CCTA," but merely an intent to avoid "preempt[ing] rights granted to Indians by the states." *Id.* The applicability of the CCTA to Mahoney is not precluded by 25 U.S.C. § 4301 because "the CCTA does not restrict trading in cigarettes; it makes it a crime to fail to pay applicable state taxes on cigarettes subject to tax." *Baker*, 63 F.3d at 1485. A state "may impose at least 'minimal' burdens on the Indian retailer to aid in enforcing and collecting the tax" on non-Indians. *Washington v. Confederated Tribes of Colville Indian Reser-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The CCTA prohibits shipping, transporting, receiving, possessing, selling, distributing, or purchasing contraband cigarettes. 18 U.S.C. § 2342. Contraband cigarettes are defined as more than 10,000 cigarettes that "bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp...." 18 U.S.C. § 2341. Under Washington state law,

cigarette packages must bear stamps indicating that taxes have been paid. Wash. Rev. Code § 82.24.030. Native Americans may purchase unstamped cigarettes for resale to Native Americans if they obtain pre-approval from the Washington Department of Revenue. Wash. Admin. Code § 458–20–192. In the absence of preapproval, "unstamped cigarettes destined for sale to reservation Indians are contraband." *United States v. Baker*, 63 F.3d 1478, 1487 (9th Cir.1995) (citing Wash. Admin. Code § 458–20–192).

*vation,* 447 U.S. 134, 151, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980).

■ Mahoney's reliance on *United States v. Smiskin,* 487 F.3d 1260 (9th Cir. 2007), is misplaced. *See id.* at 1264 (holding that Washington's prenotification requirement cannot be a basis for CCTA prosecution of members of the Yakama Tribe because Congress did not intend to abrogate travel provisions contained in the Yakama Treaty of 1855). The Coeur d'Alene Tribe, of which Mahoney is a member, is not a signatory to any treaty containing language analogous to the travel provisions discussed in *Smiskin. Smiskin,* like *Baker,* did not find that the CCTA's legislative history supported the inference that "Congress intended [the law] not to apply to Indians," but only that Congress did not intend to abrogate treaty rights. *Smiskin,* 487 F.3d at 1264 n. 6 (citing *Baker,* 63 F.3d at 1485). Moreover, Mahoney cannot challenge his conviction on equal protection grounds under *Smiskin* because, by failing to preserve any appeal rights other than those specifically stated in the plea agreement, he waived those rights. *United States v. Bynum,* 362 F.3d 574, 583 (9th Cir.2004); *United States v. Peterson,* 353 F.3d 1045, 1051 (9th Cir.2003).

■ Mahoney argues that the district court erred in rejecting his proposed jury instruction, which would have stated that the government must prove Mahoney knew his actions violated the law. This argument is also foreclosed by *Baker,* which held that no exception "to the general rule that ignorance of the law is no excuse" applies to the CCTA. *Baker,* 63 F.3d at 1491; *see also id.* at 1492 ("[K]nowledge of cigarette taxing requirements can be presumed among those who deal in cigarettes in quantities exceeding 60,000.").

Contrary to Mahoney's contention, *Smiskin* did not disturb this holding or state that cigarettes are not generally known to be regulated. *Smiskin* merely distinguished between laws with the "purpose of protecting the public" and cigarette taxes "intended to generate revenue for the government" in order to clarify that "regulations with a purely regulatory purpose can be applied" to the Yakama Tribe notwithstanding its rights under treaty. *Smiskin,* 487 F.3d at 1271.

Mahoney argues that the knowledge instruction was too confusing with respect to the money laundering counts, citing *United States v. Stein,* 37 F.3d 1407 (9th Cir. 1994). Unlike in *Stein,* the jury instruction here made clear which knowledge standard applied to which crime, using language that closely paralleled the language upheld in *United States v. Knapp,* 120 F.3d 928, 931 (9th Cir.1997). The flaw fatal to the *Stein* instructions does not exist here.

■ Mahoney also contends that the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), which requires that a sentence must be "no greater than necessary" to effectuate the purposes of the statute. The requirement that the district court "sufficiently consider the factors listed in § 3553(a) does not necessitate a specific articulation of each factor separately." *United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir.2006) (internal quotations omitted). After hearing from fourteen witnesses over two days, probing defense counsel's argument for a downward departure from the guidelines, suggesting that a longer sentence could be justified, and acknowledging respect for Mahoney, the district court found that the guideline's range of thirty-three to forty-one months "doesn't represent an area that's too harsh" and sentenced Mahoney to thirty-three months. As in *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the district court suffi-

ciently "listened to each argument," "considered the supporting evidence," and "imposed a sentence that takes them into account." *Id.* at 2469.

The record also does not support Mahoney's contention that the district court failed to consider whether the tax loss in the Presentence Investigation Report was fully attributable to Mahoney. The court noted that a number of occurrences were excluded from the sentencing calculation because they were related to other smoke shops. The district court also explained several reasons for the severity of Mahoney's sentence relative to the sentences imposed on his co-defendants. A challenge based on alleged sentencing disparities is foreclosed by *United States v. Shabani,* 48 F.3d 401, 404 (9th Cir.1995). The sentence imposed on Mahoney was reasonable.

**AFFIRMED.**