PANNER, Senior District Judge,
dissenting:
I respectfully dissent. The trial court instructed the jury that for Greer to be guilty of extortion it must find he “acted with the intent to obtain money from [the casinos] that [he] knew he was not entitled to receive.” The court also instructed the jury that “[t]he government is not required to prove that the defendant knew that his actions were unlawful.” In my opinion, these conflicting instructions amount to plain error. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (defining plain error).
The error is plain because this court has long “settled the law” that a specific instruction on subjective knowledge of unlawfulness erroneously conflicts with a subsequent general “knowingly” instruction. United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997); United States v. Stein, 37 F.3d 1407, 1410 (9th Cir.1994). Furthermore, the general instruction here did not make “sufficiently clear” which charges it applied to. See United States v. Knapp, 120 F.3d 928, 931-32 (9th Cir. 1997).
The majority apparently limits application of Stein and Turman to convictions under 18 U.S.C. § 1957 or convictions under statutes that similarly require a subjective knowledge of unlawfulness. I can only conclude, however, that instructions requiring a finding of subjective knowledge of unlawfulness plainly conflict with a general knowingly instruction, regardless of whether the subjective knowledge element is required by statute or, as here, by judge-made law. The majority apparently believes Greer could have known he was not legally entitled to the money but not know his actions were unlawful. I disagree.
Moreover, the supplemental definition of “wrongful,” as used in the phrase “wrongful use of fear of economic harm,” required only objective unlawfulness. This instruction, provided during deliberations at the jury’s request, compounded the earlier error of conflicting general and specific jury instructions on the subjective mental element required for conviction on the extortion counts.
This is not a case where the error can be ignored because of overwhelming evidence of guilt. See United States v. Ramirez, 537 F.3d 1075, 1086 (9th Cir.2008). Rather, the jury could have reasonably found that Greer did not know the unlawfulness of his actions.
The majority cites United States v. Gravenmeir, 121 F.3d 526 (9th Cir.1997), but Gravenmeir is not on point. There, the defendant was convicted of possession of a machine gun, a crime which does not require the defendant subjectively know that possessing a machine gun was illegal. Id. at 529. The general knowledge instruction was therefore consistent with the instructions on the elements of the crime.
In contrast, here the jury could have found Greer guilty of extortion even if it did not find that Greer knew he was not entitled to receive money from the casinos. See Stein, 37 F.3d at 1410 (“Where two instructions conflict, a reviewing court can *1025 not presume that the jury followed the correct one.”). The jury’s request during deliberations for examples of “wrongful use of fear of economic harm” and for a supplemental instruction on “wrongful” suggests some confusion as to the mental element required for conviction.
Greer’s extortion convictions should be reversed. Furthermore, his racketeering convictions should also be reversed because the jury returned a general verdict, making it uncertain whether the jury based its guilty findings for racketeering on its guilty findings for extortion. See Hedgpeth v. Pulido, 555 U.S. 57, 129 S.Ct. 530, 530-31, 172 L.Ed.2d 388 (2008) (per curiam) (explaining such a flaw in the instructions is error if it “had substantial and injurious effect or influence in determining the jury’s verdict”) (internal quotation marks omitted).