**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10566 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00829-RCC-JJM-3 |
| v. | |
| HIRALDO NEYRA-AGRAMONTE, AKA Agramonte Hiraldo Neyra, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10012 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00829-RCC-JJM-1 |
| v. | |
| MICHEL MARTINEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 5, 2011
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  BEA and TROTT, Circuit Judges, and PALLMEYER, District Judge.[**]

Michel Martinez ("Martinez") and Hiraldo Neyra-Agramonte ("Neyra-Agramonte") appeal from their convictions of conspiracy to possess with intent to distribute cocaine, arising from an episode in which Martinez arranged the purchase of five kilograms of cocaine for $90,000 from an undercover agent, and Neyra-Agramonte arrived at the scene with a tractor trailer equipped with a custom-built secret compartment.

Martinez argues that the district court erred when it: (1) found his consent to search was voluntary; (2) found his waiver of his Miranda rights voluntary; and (3) rejected or altered two of his proposed jury instructions. None of the arguments has merit. The district court did not err in determining that Martinez voluntarily consented to the search in light of the "totality of the circumstances," United States v. Drayton, 536 U.S. 194, 207 (2002), including the unarmed agents' presentation of a consent form, which Martinez read and signed. The district court's credibility finding defeats Martinez's argument that he did not voluntarily waive his Miranda

---

[**]      The Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois, sitting by designation.

2

rights. In any case, introduction of the evidence recovered in the search, and of Martinez's post-arrest "statement" (a nod of the head) was harmless.

Finally, we are not persuaded that the district court erred in failing to adopt portions of Martinez's proposed jury instructions. Viewed as a whole, the instructions accurately described the elements of the charged offenses and explained that the government was required to prove there was a "meeting of the minds" to complete an illegal transaction. The court did not explicitly remind the jury that a finding of conspiracy requires more than evidence of an attempt to arrange or negotiate a purchase. But the instructions did explain that the jury had to find an agreement to commit the crime charged in the indictment–possession with intent to distribute cocaine. The "precise formulation" of those instructions did not amount to an abuse of discretion. United States v. Knapp, 120 F.3d 928, 930 (9th Cir. 1997). Nor has Martinez shown he suffered any undue prejudice.

Neyra-Agramonte's sufficiency-of-the-evidence challenge fails, as well. Viewed in the light most favorable to the verdict, the evidence amply establishes a conspiracy and Neyra-Agramonte's participation in it: Appellants and undercover agents went to a prearranged location and counted $90,000 in cash furnished by Martinez. After a call from Martinez, Neyra-Agramonte promptly arrived driving a tractor trailer equipped for the transport of contraband and demonstrated the workings

of the secret compartment. His conduct shows more than the "slight connection" to the conspiracy required to support his conviction. See United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001) (citations omitted).

Neyra-Agramonte also challenges the district court's amendment of the indictment on the second day of trial, but the amendment was not plain error and merits no further discussion.

The convictions are **AFFIRMED.**