**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10623 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00474-WBS-1 |
| v. | |
| BRANDON HANLY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted January 15, 2015**
San Francisco, California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Brandon Hanly appeals from his jury conviction for wire fraud, mail fraud, and money laundering. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hanly argues that the prosecutor's comments during closing argument amounted to prosecutorial misconduct. Because Hanly did not object at trial, we review for plain error. Under plain error review, reversal is appropriate only if (1) there is an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Henderson v. United States*, 133 S. Ct. 1121, 1123 (2013). The prosecutor's comments were not an attack on Hanly's decision to present a defense, but rather an attack on the substance of the defense. *See Williams v. Borg*, 139 F.3d 737, 745 (9th Cir. 1998) ("A lawyer is entitled to characterize an argument with an epithet as well as a rebuttal."). Neither were the comments an attack on Hanly's defense counsel. *See United States v. Ruiz*, 710 F.3d 1077, 1086-87 (9th Cir. 2013). The prosecutor's comments also were not calculated to inflame the passions or prejudices of the jury. As a result, there was no error that would warrant reversal.

Hanly also argues for the first time on appeal that the jury instructions on money laundering were improper. Again, we review for plain error and find none. The instructions properly differentiated between the two types of knowledge required for money laundering. The district court also clarified what the defendant needed to know regarding the criminally deprived property. *See United States v. Knapp*, 120 F.3d 928, 931-32 (9th Cir. 1997).

Finally, we decline to review Hanly's ineffective assistance of counsel claim as part of this direct appeal. This is not one of the unusual cases in which (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies the defendant's Sixth Amendment right to counsel. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). That we decline to review the claim now has no bearing on whether Hanly may later raise an ineffective assistance of counsel claim on collateral review.

**AFFIRMED.**