**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10041 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00132-CRB-1 |
| v. | |
| CHARLES BURNS, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted November 14, 2019
San Francisco, California

Before: WARDLAW, W. FLETCHER, and LINN,[**] Circuit Judges.

Charles Burns appeals his jury conviction for possession of a firearm at a

place he knew, or had reasonable cause to believe, was a school zone, in violation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard Linn, Senior Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

of 18 U.S.C. § 922(q)(2)(A). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

18 U.S.C. § 922(q)(2)(A) prohibits the possession of a firearm "at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C. §§ 921(a)(25) and (26) define a school zone as any area "within a distance of 1,000 feet from the grounds of a public, parochial or private school," and a school as that which "provides elementary or secondary education, as determined under State law." In the district court, Burns argued that whether the educational institution in question—the Leola M. Havard Early Education School ("Leola")— indeed provided elementary education under state law was a mixed question of law and fact, and that the jury should decide whether Leola met the district court's definition of an elementary education provider under California law. The district court instead determined that it was the appropriate decisionmaker for both parts of the question and went on to find that Leola provided elementary education.

The Fifth and Sixth Amendments protect a defendant's right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. *See United States v. Gaudin*, 515 U.S. 506, 509–10 (1995); *In re Winship*, 397 U.S. 358, 364 (1970). This provision extends to so-called "sub-elements," or "facts necessary to prove an offense." *See Medley v. Runnels*, 506

2

F.3d 857, 864 n.5, 865 (9th Cir. 2007).  A claim that the trial court failed to present the jury with every element of a crime charged is reviewed de novo.  *United States v. Knapp*, 120 F.3d 928, 930 (9th Cir. 2007).  If this type of constitutional error is found, it is reviewed for harmlessness.  *See United States v. Smith*, 561 F.3d 934, 938 (9th Cir. 2009) (en banc) (noting that "omitting an offense element from a jury instruction is 'simply an error in the trial process itself' and not a 'defect affecting the framework within which the trial proceeds'") (quoting *Neder v. United States,* 527 U.S. 1, 8 (1999)).  Omitting an offense element from a jury instruction is harmless if it is "'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009) (quoting *Neder*, 527 U.S. at 18).

The district court violated the Fifth and Sixth Amendments when it decided that Leola provided elementary education under California law and therefore satisfied the school-zone element of 18 U.S.C. § 922(q)(2)(A), rather than submitting that question to the jury.  Whether Leola provided elementary education as defined by state law was a mixed question of law and fact.  It was appropriate for the district judge to determine the contours of elementary education under California law.  However, the question whether Leola actually provided elementary

3

education under that definition should have been given to the jury as a necessary element of the offense.

The district court's error was not harmless. During trial, both Burns and the government presented evidence relevant to such a determination, including testimony on the transitional kindergarten and after-school programs that Leola provided. Burns presented testimony from Leola's principal, who testified that Leola was not an elementary school. Through cross-examination, Burns also raised doubts on whether the government's witness on the issue could credibly testify about Leola's education programs and whether they constituted elementary education under California law. We therefore cannot say that it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *See Neder*, 527 U.S. at 18. We reverse and remand for a new trial.

Burns also argues that the district court erroneously required a showing of bad faith in order to give an adverse-inference jury instruction. We review a district court's refusal to give such an instruction for abuse of discretion. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013). Then-Judge Kennedy's concurrence in *United States v. Loud Hawk*, 628 F.2d 1139, 1151–56 (9th Cir. 1979) (en banc), provides the rule governing sanctions for lost or destroyed evidence. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018);

*Sivilla*, 714 F.3d at 1173. It has no bad faith requirement. *See Sivilla*, 714 F.3d at 1173. We conclude that the district court abused its discretion by refusing to give an adverse-inference instruction absent a showing of bad faith by the government. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (holding that failure to apply the correct legal rule is an abuse of discretion). We leave it to the district court on remand to apply then-Judge Kennedy's *Loud Hawk* balancing test in the first instance to determine whether an adverse-inference instruction is appropriate at any retrial.

**REVERSED and REMANDED**.